UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TIMOTHY CLABOUGH, | CIVIL ACTION NO. 3:13-109-KKC |
| Plaintiff, | |
| V. | **OPINION & ORDER** |
| SEVIER COUNTY TENNESSEE, et al., | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

Before this Court are two pending issue in this matter. First is a motion for summary judgment filed by the three remaining defendants, Sevier County, Ronald L. Seals, and Larry Waters. (DE 14). The second issue is the plaintiff's failure to amend his complaint after this Court dismissed two former defendants, Robert M. Maughon and First Medical Family Medical Center, without prejudice. For the following reasons, the motion for summary judgment will be granted, and all five of these defendants will be dismissed.

I.

This case arises out of allegedly inadequate medical treatment provided to the plaintiff, Timothy Clabough, while he was incarcerated at the Sevier County Jail in Sevier County, Tennessee. Clabough alleges that during his incarceration he began passing blood in his stool and requested medical treatment. In order to request medical care, he was required to fill out a medical request form and was charged $5.00 for each request. Although Clabough repeatedly states that he was "denied proper medical care," the facts alleged in the complaint tell a more nuanced story. Clabough states that he was seen by a doctor and provided a "stool smear card to complete." (DE 1, ¶ 21). This test required smearing a stool sample onto a specimen card using wooden sticks. Clabough alleges that he was not

provided the wooden sticks and told to use his finger to collect his specimen. (DE 1, ¶ 24). He also states that he was not provided a private toilet. (DE 1, ¶ 26). Perhaps because of these reasons, Clabough admits that he did not complete the stool smear card as requested by the doctor. (DE 1, ¶ 27).

Clabough then alleges that he contracted a staph infection in his groin area while staying in the medical pod, and that he developed a growth the size of a baseball. (DE 1, ¶¶ 28–29). According to the plaintiff, Tammy Finchum—a nurse and former defendant in this case—informed Clabough that she was going to lance the growth in the jail. (DE 1, ¶ 31). Clabough refused consent and requested to go to the hospital. (DE 1, ¶ 32). At this point, Clabough alleges that employees of the Sevier County Sheriff's Department handcuffed him and held him down while Finchum lanced the growth. (DE 1, ¶ 33).

On February 28, 2012, Finchum drew Clabough's blood "for the first time" and gave him an iron pill to take. (DE 1, ¶ 36–37). The next day, Clabough was taken to LeConte Medical Center in Sevierville, Tennessee, where they performed a CT scan. (DE 1, ¶ 39–40). The CT scan showed three splenic abscesses and a blood clot in his spleen. (DE 1, ¶ 41). He was informed he needed emergency surgery. (DE 1, ¶ 42). At this point, Clabough was taken back to the Sevier County Jail where he was released within the hour. (DE 1, ¶ 43–44). Finchum then drove Clabough back to the hospital where he was stabilized and move to Ft. Sanders Hospital in Knoxville. (DE 1, ¶ 46–47). He spent thirteen days in the hospital and eventually had his large intestine removed on April 24, 2012. (DE 1, ¶ 48–50).

According to his complaint, Defendants Sevier County, Larry Waters, and Ronald Seals violated his Eighth and Fourteenth Amendment rights by failing to provide him with adequate medical care. He also alleges they committed state torts of negligent supervision and training and extreme and outrageous conduct and infliction of emotional distress. He

2

requests injunctive relief, compensatory damages, and punitive damages. These three defendants have moved for summary judgment on all claims.

## II.

As an initial matter, the Court notes that although the defendants' style their motion as one for summary judgment, the arguments presented indicate their requested relief is primarily based on Rule 12(b)(6). Not only do the defendants rely almost exclusively on the allegations contained in the complaint, they support their arguments through reliance on the standards enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). Because discovery has not yet commenced, and because this Court ultimately finds that the Clabough has failed to allege facts sufficient to entitle him to relief against these defendants, the Court construes the defendants' motion as one for dismissal under Rule 12(b)(6).

In that regard, to avoid a 12(b)(6) dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court must view the allegations in the complaint in the light most favorable to the plaintiffs, treating all well-pleaded facts as true, but need not accept bare legal conclusions as definitive. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

Moreover, a plaintiff cannot prevail against a motion to dismiss without bringing specific allegations against the named defendants. "Although the complaint need not

3

contain 'detailed factual allegations,' Rule 8(a)(2) of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678). "As the Supreme Court explained in *Iqbal*: 'A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.'" *Id*. It is with these principles in mind that the Court turns to the allegations made against Sevier County, Ronald Seals, and Larry Waters.

### III.

**A. Constitutional Claims against Sevier County**

The constitutional claims against Sevier County will be dismissed in their entirety. Clabough brings his suit against Sevier County pursuant to § 1983 of the Civil Rights Act, which permits individuals to sue persons who violate their constitutional rights while acting under color of state law. A municipality like Sevier County cannot be held liable "*solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, in order to pursue a § 1983 claim against a municipality, "a plaintiff must allege an unconstitutional action that implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or a constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003) (internal quotations omitted) (quoting *Monell*, 436 U.S. at 690–91). "A 'custom' for the purposes of *Monell* liability must . . . reflect a course of action deliberately chosen from among various

4

alternatives." *Doe v. Claiborne Cnty.,* 103 F.3d 495, 507 (6th Cir. 1996). To satisfy this requirement, Clabough must allege in his complaint not simply that he suffered a constitutional violation while incarcerated at the Sevier County Jail, but that such violations were the result of an official policy or governmental custom.

Sevier County correctly argues that Clabough has failed to meet such a burden. The only thing resembling an official policy that Clabough refers to in his complaint is the requirement that he pay a $5.00 fee whenever he filed a medical request form. While this appears to be a policy adopted by Sevier County, nothing about such a policy suggests it was the moving force behind any constitutional violation from which he might have suffered. Clabough never alleges that he could not pay the fee and was therefore denied treatment. On the contrary, Clabough describes receiving medical treatment on multiple occasions as a result of his medical request forms. (DE 1, ¶¶ 14, 21, 31, 36, 38, 39, 40, and 46). Nothing in his complaint suggests that the $5.00 filing fee caused him constitutional harm.

To meet the *Monell* requirement, Clabough relies on a general and conclusory assertion that Sevier County's procedures for providing medical treatment to its inmates are inadequate. But missing from this allegation are any facts that would support such a claim. Rather, Clabough rests on the conclusory argument that *because* he was denied adequate medical treatment, the procedures themselves were inadequate. He states that

> the official policies and customs of Sevier County were unconstitutional, or in the alternative, the policies and customs of Sevier County were unconstitutionally implemented, in that they arbitrarily denied medical treatment to inmates, or were designed ineffectively to provide medical treatment . . . . Even if such policies were not formally approved by appropriate officials or channels, the above-stated events were such widespread practice as to have the force of law.

5

Case 3:13-cv-00109-KC-CCS   Document 30   Filed 03/24/14   Page 5 of 11   PageID #: 154

(DE 1, ¶ 56). He does not explain how the specific policies of Sevier County were "designed ineffectively." He does not point to a single policy that by virtue of its ineffective design resulted in a constitutional violation. Moreover, he does not provide any examples other than his own case to demonstrate that the practice of denying inmates medical care was "widespread."

There is nothing in Clabough's complaint other than this formulaic recitation of the elements of his cause of action that supports his claim that Sevier County's policies or customs were unconstitutional. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not'" be sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Even if this Court assumes that Clabough's constitutional rights were violated, nothing alleged in his complaint supports a finding of municipal liability under § 1983, and the constitutional claims against Sevier County must therefore be dismissed.

### B. Constitutional Claims against Seals and Waters

Clabough also brings constitutional claims against two individual defendants, Larry Waters and Ronald Seals. Both of these defendants are sued individually and in their official capacity: Waters as the Mayor of Sevier County and Seals as the Sheriff of Sevier County. They seek dismissal of the constitutional claims on the grounds that they are protected by qualified immunity and Clabough's allegations do not support a finding of supervisory liability against either of them.

The claims brought against Waters and Seals in their official capacities will be dismissed. Claims against county officials in their official capacities are "treated as a suit against the" county," *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985), and are thus duplicative in this case where Sevier County has already been sued. *See Ramos-Macario v.*

*Jones*, 2011 U.S. Dist. LEXIS 21461, *24–25, Case No. 3:10-00813 (M.D. Tenn. March 2, 2011). Moreover, because these claims are treated as brought against the county, the above analysis in Part III.A of this order applies with equal force to the official capacity claims.

With regard to the individual claims, Waters and Seals appear to conflate two distinct arguments under one general claim for qualified immunity. Despite this error, they correctly contend that Clabough's complaint fails to allege any facts that would support a finding of supervisory liability. That is, even if this Court were to assume that Clabough's constitutional rights were violated, nothing in his complaint supports the inference that Waters or Seals may be found liable. This is because Clabough never alleges that either Waters or Seals took a single action that would constitute unlawful conduct.

To establish supervisor liability, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007) (quoting *Taylor v. Mich. Dep't of Corrections*, 69. F.3d 76, 81 (6th Cir. 1995)). "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In order to find a supervisor liable, plaintiffs must allege that he "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass*, 167 F.3d at 1048. "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006) (internal quotations omitted). "Supervisory officials are not liable in their

7

individual capacities unless they 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Waters is not even listed as a party in Clabough's complaint. Although he has listed Waters as a defendant, the *only* place his name appears in the body of the complaint is when Clabough states that the county of Sevier County "may be served with process through the County Mayor, Larry Waters." (DE 1, ¶ 2). There is no other mention of his name. Thus, nothing in his complaint could be read as asserting that Waters "did more than play a passive role in the alleged violation." *Bass*, 167 F.3d at 1048. Perhaps Clabough joined Waters in this action solely by virtue of his office as mayor of Sevier County, but this is not enough to sustain a claim against him. His constitutional claims against Waters must therefore be dismissed.

Seals presents a similar, though not as stark, problem for Clabough. Seals is listed as a party in the complaint, and Clabough makes at least one allegation against him by name. He states that "[a]t all times herein material, [nurse Tammy Finchum] was acting under color of state law and pursuant to the policies, customs, training and regulations of Defendant Seals." (DE 1, ¶ 10). There are no other mentions of Seals' name in the complaint. In his response to the present motion for summary judgment, Clabough additionally states that "[a]s a policy maker for the jail, Defendant Seals responsible [sic] for the policies that lead to the deprivation of Plaintiff Clabough's constitutional rights." (DE 22, at 9). These are the only allegations that Clabough makes to support liability against Seals.

8

As discussed above, liability under § 1983 cannot be based "solely on the right to control employees, or simple awareness of employees' misconduct." *McQueen*, 433 F.3d at 470. The *only* basis for bringing suit against Seals, according to Clabough's complaint and response memorandum, is that Seals has supervisory authority over the allegedly offending officials. He attempts to hold Seals liable merely by virtue of his office, which is insufficient under § 1983. Because Clabough has failed to allege that Seals took any affirmative action—any conduct at all that is more than a conclusory description of his office—Clabough's constitutional claims against Seals must be dismissed.[1]

## C. Supplemental State-Law Claims

This Court has found that the federal constitutional claims against the remaining defendants must be dismissed. The only remaining claims before the Court are state-law torts, which the defendants seek to dismiss based on a series of Tennessee statutes governing official immunity. These claims were originally brought pursuant to this Court's supplemental jurisdiction as they arise out of the same case or controversy in which the constitutional claims were brought. (DE 1, ¶ 9). "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because this Court has dismissed all federal claims over which it has original jurisdiction, it will dismiss the remaining state-law claims for which supplemental jurisdiction is no longer appropriate. *See Roy v. Tennessee*, 487 Fed. App'x 281, 283 (6th Cir. 2012) (holding that "the district

---

[1] Because Clabough has not alleged that Waters or Seals took any action that violated his constitutional rights, the Court need not venture into the defendants' claim of qualified immunity. A plaintiff may demonstrate that a state official is not entitled to qualified immunity by showing that the defendant's conduct violated his constitutional rights and those rights were clearly established. *See Saucier v. Katz*, 533 U.S. 194, 200–07 (2001). Clabough cannot show that Waters' or Seals' conduct violated his constitutional rights because he has not alleged conduct of any type by these two defendants. *Id.* at 201.

9

court properly declined to exercise supplemental jurisdiction over [the plaintiff's] state-law claims of negligence and defamation in the absence of a viable federal claim") (citing *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012)). Dismissal of Clabough's state-law claims is without prejudice so that he may pursue these claims in state court if he so desires.

## IV.

Finally, a pending issue in this matter is the status of the dismissed defendants Robert M. Maughon and First Medical Family Medical Center. On June 24, 2013, this Court dismissed these two defendants without prejudice due to Clabough's failure to state a claim against them. (DE 12). In its order, the Court permitted Clabough to file an amended complaint correcting his errors within thirty days. He made no such amendment, and explained in response to a show-cause order that without discovery he is unable to make any further factual allegations sufficient to survive a motion under 12(b)(6). (DE 17). Clabough is not entitled to use the discovery process to obtain the facts necessary to file his complaint. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). Because he failed to amend his complaint in order to comply with this Court's pleading requirements, the claims brought against Robert M. Maughon and First Medical Family Medical Center will be dismissed with prejudice.

\* \* \*

Clabough's allegations do not support the plausible inference that he is entitled to relief for a violation of his constitutional rights against any of the remaining defendants in this case. Accordingly, and for all of the above-stated reasons, **IT IS ORDERED** that

1. The motion for summary judgment brought by Defendants Sevier County, Ronald L. Seals, and Larry Waters (DE 14) is **GRANTED** and the constitutional claims brought

10

pursuant to § 1983 are **DISMISSED WITH PREJUDICE**, and the state-law claims are **DISMISSED WITHOUT PREJUDICE**;

2. The claims against previously-dismissed defendants Robert M. Maughon and First Medical Family Medical Center will be **DISMISSED WITH PREJUDICE** for the reasons stated in Docket Entry 12; and

3. Judgment shall be entered contemporaneously with this order.

Dated this 24th day of March, 2014.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY